UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARYE NEISHLOS,<br><br>                Plaintiff,<br><br>     v.<br><br>SONY CORPORATION OF AMERICA AND YELENA BERMAN,<br><br>                Defendants. | **Docket:**<br><br>**NOTICE OF REMOVAL**<br>(FEDERAL QUESTION-ERISA) |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendant Sony Corporation of America ("SCA") by and through its attorneys, Thompson Hine LLP, hereby removes this action from the Supreme Court of the State of New York, County of New York, to this United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1446, on the following grounds:

1. On July 21, 2015, SCA was served with copy of a complaint, dated July 14, 2015, in a civil action brought in the Supreme Court of the State of New York, County of New York, captioned *Arye Neishlos v. Sony Corporation of America and Yelena Berman*, Case No. 157259-2015.

2. Count One of the Complaint asks the court to nullify purported changes by the late father of Arye Neishlos ("Plaintiff") to beneficiary designations with respect to benefits provided through SCA-sponsored retirement and pension plans (collectively, the "SCA Plans"), which are regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

3. Count Two of the Complaint asks the court to nullify the purported beneficiary designations of Defendant Yelena Berman ("Ms. Berman") by Plaintiff's late father with respect to benefits provided through the SCA Plans, which are regulated by ERISA.

4. Counts One and Two, which assert claims involving beneficiary designations with respect to benefits provided through the SCA Plans, present federal questions because they arise under ERISA. *See Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285 (2008).

5. To the extent that the Complaint purports to assert state-law claims against the SCA Plans, those claims are "completely preempted" because they are governed by ERISA §§ 502(a)(3) & 514, *codified respectively at* 29 U.S.C. §§ 1132(a)(3) & 1144. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004).

6. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, *viz.*, ERISA.

7. This Court also has original federal question jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) because Plaintiff seeks equitable relief under ERISA.

8. Under the authority of *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987), this action may properly be removed, pursuant to 28 U.S.C. § 1441(c), to the United States District Court for the Southern District of New York, which has original federal-question jurisdiction over Plaintiff's claims.

9. The County of New York is within the United States District Court for the Southern District of New York, *i.e.*, this District. *See* 28 U.S.C. § 112(b).

10. Although SCA has been served with the Complaint, according to an associate of counsel for Plaintiff, service has not yet been effected on Defendant Ms. Berman.

11. The unanimity rule of consent for removal is satisfied because, as this Court has held, "it is also well-established that an 'exception' to the unanimity rule exists where 'the non-joining defendants have not been served with service of process at the time the removal petition is filed.'" *Ragusa v. Rain Bird Corp.*, 2014 U.S. Dist. LEXIS 121284 (S.D.N.Y. Aug. 29, 2014) (*quoting Ell v. S.E.T. Landscape Design, Inc.*, 34 F. Supp. 2d 188, 194 (S.D.N.Y. 1999)).

12. This notice of removal is being filed within 30 days of service of the Complaint on SCA so that it is timely under 28 U.S.C. § 1446(b)(1).

13. A copy of all process, pleadings and orders served on SCA is attached as Exhibit 1.

14. Promptly after filing this notice of removal, a true copy of this notice will be served on counsel for the Plaintiff and filed with the Clerk of the Court for the Supreme Court of the State of New York, County of New York and shall be sent to the non-served Defendant Ms. Berman by first class United States mail at the address in paragraph 6 of the Complaint.

WHEREFORE, SCA respectfully requests that this action proceed in this Court as a matter properly removed.

- 4 -

Dated: New York, New York
       August 5, 2015

By:     /s/Barry M. Kazan
Barry M. Kazan
THOMPSON HINE LLP
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Tel: 212.908.3921
Fax: 212.344.6101
Barry.Kazan@ThompsonHine.com

Jack F. Fuchs
*Pro Hac Vice to be filed*
THOMPSON HINE LLP
312 Walnut Street, 14th Floor
Cincinnati, Ohio  45202
Phone: 513.352.6700
Fax: 513.241.4771
Jack.Fuchs@ThompsonHine.com

*Attorneys for Defendant*
Sony Corporation of America

- 5 -

**CERTIFICATE OF SERVICE**

I certify that on this date I caused a true and correct copy of the foregoing to be served by depositing a true copy of the same in a properly addressed postage-prepaid wrapper by First-Class Mail, in the exclusive care and custody of the United States Postal Service to:

Leonard Zack, Esq.
Counsel for Plaintiff
Leonard Zack & Associates
405 Park Avenue, 10th Floor
New York, NY 10022

Ms. Yelena Berman
460 Brookside Lane
Hilsborough, New Jersey 08844

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

      /s/Barry M. Kazan
         Barry M. Kazan

Dated: August 5, 2015